FILED

2016 DEC 21 PM 4:57

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO, FL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

JAMIE P. ESPOSITO

CASE NO. 6:16-cr-270-Or1-28DCI
18 U.S.C. § 2422(b)
18 U.S.C. § 2251(a)
18 U.S.C. § 2252A(a)(2)
18 U.S.C. § 2252A(a)(5)(B)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

From a date unknown, but at least from on or about July 11, 2016, through and including on or about July 21, 2016, in the Middle District of Florida, and elsewhere, the defendant,

JAMIE P. ESPOSITO,

using a facility and means of interstate commerce, that is, a cellular phone via the Internet, did knowingly persuade, induce, entice, and coerce Victim 1, an individual who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense, specifically, lewd or lascivious battery upon a person less than 16 years of age, in violation of Section 800.04(4)(a) and 800.04(4)(b), Florida Statutes.

In violation of 18 U.S.C. § 2422(b).



## COUNT TWO

On or about May 20, 2015, in the Middle District of Florida, and elsewhere, the defendant,

JAMIE P. ESPOSITO,

did use, persuade, induce, entice, and coerce a minor, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT THREE

On or about January 30, 2016, in the Middle District of Florida, and elsewhere, the defendant,

JAMIE P. ESPOSITO,

did use, persuade, induce, entice, and coerce a minor, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FOUR

On or about February 29, 2016, in the Middle District of Florida, and elsewhere, the defendant,

JAMIE P. ESPOSITO,

did use, persuade, induce, entice, and coerce a minor, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FIVE

On or about October 24, 2016, in the Middle District of Florida, and elsewhere, the defendant,

JAMIE P. ESPOSITO,

did knowingly distribute child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, that had been shipped and transported using any means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).

## COUNT SIX

On or about November 29, 2016, in the Middle District of Florida, and elsewhere, the defendant,

JAMIE P. ESPOSITO,

did knowingly possess material that contained images of child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, that had been shipped and transported using any means and facility of interstate and foreign commerce and had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and the depiction involved a prepubescent minor and a minor who had not attained 12 years of age.

In violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 2428.

2. Upon conviction of a violation of 18 U.S.C. § 2422, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2428, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense and any property, real or personal,

constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense.

3. The allegations contained in Counts Two through Six are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2253.

4. Upon conviction of a violation of 18 U.S.C. §§ 2251 or 2252A, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

5.  The property to be forfeited includes, but is not limited to, the following: a Samsung Galaxy S7 cell phone, a Samsung Galaxy S5 cell phone, a Dell desktop computer, an Apple desktop computer, three Western Digital hard drives, a Belkin thumb drive, a Seagate hard drive, a Hitachi Deskstar hard drive, a HP Compact hard drive.

6.  If any of the property described above, as a result of any act or omission of the defendant:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third person;

   c.  has been placed beyond the jurisdiction of the Court;

   d.  has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

A TRUE BILL,

*Catherine Wasson*
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
Shawn P. Napier
Assistant United States Attorney

By: _____
Katherine M. Ho
Assistant United States Attorney
Chief, Orlando Division

FORM OBD-34
APR 1991

No. 6:16-cr-

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

JAMIE P. ESPOSITO

## INDICTMENT

Violations:  18 U.S.C. § 2422(b)
18 U.S.C. § 2251(a)
18 U.S.C. § 2252A(a)(2)
18 U.S.C. § 2252A(a)(5)(B)

A true bill,

*Catherine Wasson*
Foreperson

Filed in open court this 21st day

of December, 2016.

_____
Clerk

Bail    $_____

GPO 863 525