1

```
 1              UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
 2                   ORLANDO DIVISION

 3   - - - - - - - - - - - - - - -X
       UNITED STATES OF AMERICA,    :
 4                                  :
                                    :
 5          Plaintiff,              :  Case No.:
                                    :  6:16-cr-270-Orl-22DCI
 6     vs.                          :
                                    :
 7     JAMIE ESPOSITO,              :  Orlando, Florida
                                    :  March 29, 2017 p.m. session
 8                                  :  1:30 p.m.
             Defendant.             :
 9                                  :
                                    :
10                                  :
     - - - - - - - - - - - - - - -X
11
                  TRANSCRIPT OF CHANGE OF PLEA
12         BEFORE THE HONORABLE JOHN ANTOON II
                UNITED STATES DISTRICT JUDGE
13

14
     APPEARANCES:
15
       Counsel for Plaintiff:        Shawn Napier
16
       Counsel for Defendant:        Alisha Marie Scott (Nair)
17

18

19

20   Proceedings recorded by mechanical stenography.
     Transcript produced by computer-aided transcription.
21

22   Court Reporter:  Suzanne L. Trimble, CCR, CRR, RPR
                      Federal Official Court Reporter
23                    401 West Central Boulevard, Suite 4600
                      Orlando, Florida 32801
24                    e-mail: trimblecourtreporter@gmail.com

25
```

*2*

1              P R O C E E D I N G S

2              THE COURTROOM DEPUTY:  This is in the matter of

3     United States of America v. Jamie Esposito, Case

4     No. 6:16-criminal-270-Orlando-28DCI.

5              Will counsel please state your name for the record?

6              MR. NAPIER:  Good afternoon, Your Honor.  Shawn

7     Napier on behalf of the United States.

8              MS. SCOTT:  Good afternoon, Your Honor.  Alisha

9     Marie Scott on behalf of Mr. Esposito, who is present and

10    seated to my left.

11             THE COURT:  Ms. Scott, before we get started, I

12    apologize for not using your correct name.  You weren't here,

13    and I looked at my papers and saw the name of your client, and

14    I apologize.  You should have corrected me, or maybe

15    Mr. Napier should have corrected me.  Somebody should have.  I

16    apologize for that.

17             MS. SCOTT:  Thank you, Your Honor.

18             THE COURT:  I've been out of the criminal wheel for

19    a while, and I don't know all of the new people who are

20    working.  So not seeing your face, I made that mistake.  I'm

21    sorry.

22             Mr. Esposito, would you stand and raise your right

23    hand it be sworn, sir?

24             THE DEFENDANT:  Absolutely.

25             (Jamie Esposito sworn.)

1          THE COURT:  What is your null name, sir?

2          THE DEFENDANT:  Jamie Pascal Esposito.

3          THE COURT:  Mr. Esposito, have you had any pills,

4     drugs, or medication within the past 48 hours?

5          THE DEFENDANT:  No, sir.  I'm of sound mind.

6          THE COURT:  Have you been under the care of a

7     psychiatrist or psychologist for a mental or emotional

8     disorder in the past?

9          THE DEFENDANT:  I have, sir.

10          THE COURT:  Tell me about that.

11          THE DEFENDANT:  In relation to depression and social

12     anxiety, which unfortunately led to the effects of me

13     disrespecting you in this court, which I do apologize for,

14     panic attacks and things of that nature.  I've never been

15     institutionalized or anything like that.

16          THE COURT:  Have you ever received a diagnosis other

17     than depression?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  What's the other diagnosis?

20          THE DEFENDANT:  Social anxiety, anxiety, and

21     attention deficit disorder.

22          THE COURT:  Do you take medication for those

23     problems?

24          THE DEFENDANT:  I did beforehand.  The medication

25     switched within the jail.  There's been difficulty, but it's

**4**

1   mostly straightened out.  It's not the same medication, but I

2   am -- they have taken care of me, sir, yes.

3          THE COURT:  Okay.  So is the medication you're now

4   taking helping?

5          THE DEFENDANT:  It's not harming.

6          THE COURT:  It's not harming, but does it help you

7   think clearly, or is it a detriment to your clear --

8          THE DEFENDANT:  Yes, I --

9          THE COURT: -- thinking or does it have no affect at

10  all?

11         THE DEFENDANT:  No.  I'm able to think clearly.  I

12  think it may affect me in certain ways, maybe moods and

13  things.  I am able to think very clearly.

14         THE COURT:  Are you thinking clearly and exercising

15  your best judgment now?

16         THE DEFENDANT:  Absolutely, 100 --

17         THE COURT:  Are you sure of that?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Do you have any questions about that,

20  Ms. Scott?

21         MS. SCOTT:  I do not, Your Honor.

22         THE COURT:  You, Mr. Napier?

23         MR. NAPIER:  No, Your Honor.  We're satisfied.

24         THE COURT:  You may be seated, sir.  Are you a

25  citizen of the United States?

1          THE DEFENDANT:  Pardon, I'm sorry?

2          THE COURT:  Are you a citizen of the United States?

3          THE DEFENDANT:  Yes, sir.  My entire --

4          THE COURT:  How old are you?

5          THE DEFENDANT:  I am 32 years old, sir.

6          THE COURT:  Do you read, write, and speak the

7    English language?

8          THE DEFENDANT:  I do, sir.

9          THE COURT:  How far have you gone in school?

10         THE DEFENDANT:  College level, sir.

11         THE COURT:  How far in college?

12         THE DEFENDANT:  I'm not sure -- not a secondary

13   degree, just a first associate's degree, sir.

14         THE COURT:  Okay.  Now, it's my understanding that

15   you're here today because you want to enter a plea of guilty

16   to certain counts contained in the Information filed against

17   you in this case on March 1st -- I'm sorry -- on the 21st day

18   of December of this year -- of 2016; is that correct?

19         THE DEFENDANT:  Yes, sir.  That would be correct.

20         THE COURT:  Okay.  Now, I want you to understand

21   some things about how this process will unfold.  I'm gonna ask

22   you questions, and they're gonna call for you to give me

23   truthful answers.

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  And if you don't give me truthful

1   answers, your untruthful answers could be used against you and

2   may even be the basis of a separate crime with additional

3   punishment.  Do you understand that?

4           THE DEFENDANT:  Yes, sir, I do.

5           THE COURT:  Knowing that, do you want to continue?

6           THE DEFENDANT:  Yes, please.

7           THE COURT:  Okay.  And I want you to have an

8   understanding of some basic ground rules that I will follow,

9   that I want to follow, that I want you to follow.

10          If you don't understand a question or you don't hear

11  a question, would you let me know?

12          THE DEFENDANT:  Yes, sir.  Yes, Your Honor, I will.

13          THE COURT:  Okay.  And if you want to talk to your

14  lawyer at any time, do you understand that I'm going to give

15  you that opportunity?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  And nobody is gonna be mad at you or

18  upset at you.  It's not gonna have any ill effect upon you if

19  you do that.  Do you understand that?

20          THE DEFENDANT:  Yes, I understand.

21          THE COURT:  I want you to.  If you want to talk to

22  your lawyer, I want you to do that.

23          THE DEFENDANT:  She's been very clear.  I think

24  she's made everything very clear.

25          THE COURT:  And if you don't -- if this isn't the

1   proper place to have a conversation with her, if you need to

2   have an exchange of more than a word or two, I'll be glad to

3   make sure you have a private conversation where you're

4   comfortable and can talk back and forth.  Do you understand

5   that?

6           THE DEFENDANT:  I do.  Thank you, Your Honor.

7           THE COURT:  Now, I just referred to the Indictment a

8   moment ago.  Have you had an opportunity to read that

9   document?

10          THE DEFENDANT:  I have, sir.

11          THE COURT:  Do you understand the contents?

12          THE DEFENDANT:  I do.

13          THE COURT:  Would it help you in any way if I read

14  it to you now, or do you feel that you understand it

15  sufficiently?

16          THE DEFENDANT:  I believe I have a very firm grasp

17  of it, Your Honor.

18          THE COURT:  Have you gone over those charges with

19  your attorney?

20          THE DEFENDANT:  I have, Your Honor.

21          THE COURT:  And has Ms. Scott explained to you what

22  the Government would be required to prove in order for a jury

23  to return a verdict of guilty?

24          THE DEFENDANT:  Yes, sir, Your Honor.

25          THE COURT:  And did she explain to you what, if any,

*8*

1   defenses you might have to these charges?

2         THE DEFENDANT:  I, I -- I apologize.  Between the

3   two of us, we have discussed that I do not wish to attempt any

4   sort of defense, but if there was one, I do understand that I

5   could make that claim.

6         THE COURT:  Okay.  So you've had an opportunity to

7   ask her about defenses, and she's had -- and you've gotten

8   answers that are satisfactory?

9         THE DEFENDANT:  Yes, sir, yes, very much.

10        THE COURT:  Do you need any more time to talk to

11  Ms. Scott before we proceed?

12        THE DEFENDANT:  No, sir.  We may proceed.

13        THE COURT:  With regard to your decision to make a

14  plea -- enter a plea of guilty, has anyone threatened you or

15  coerced you or intimidated you or done anything that you

16  consider wrong or unfair to persuade you to enter the plea?

17        THE DEFENDANT:  Absolutely not, Your Honor.

18        THE COURT:  Are you entering the plea because you

19  are guilty and for that reason only?

20        THE DEFENDANT:  Yes, Your Honor.

21        THE COURT:  Now I have in my possession a copy of a

22  document that's described as a plea agreement, and on each

23  page of the agreement, page 1 through the end of the document,

24  page 27, initials appear at the bottom of the page to the left

25  of center.

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  And on the last page it appears to

3    include your signature, Ms. Scott's signature, and the

4    signatures of Mr. Napier and Ms. Ho from the U.S. Attorney's

5    Office.  Okay?

6           THE DEFENDANT:  Yes, sir.

7           THE COURT:  I'm going to ask that the original of

8    that -- do we have an original?

9           THE COURTROOM DEPUTY:  We do not.

10          MR. NAPIER:  I have it, Your Honor.

11          THE COURT:  Okay.  I'm going to ask that you look at

12   that document and tell me whether you recognize that document

13   as being your plea agreement with the Government.

14          MR. NAPIER:  Your Honor, I just point out for

15   purposes of the record the last page contains the filing

16   record and the case that it was filed as Document No. 22 in

17   this case.  Other than that, it's the original that he signed.

18          THE DEFENDANT:  Yes, sir.  I recognize this as the

19   document that I did sign.

20          THE COURT:  And you recognize it as your agreement

21   with the Government?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  And are those your initials on each

24   page?

25          THE DEFENDANT:  They are, sir.

**10**

1    THE COURT:  And is that your signature at the end of
2  the document?

3    THE DEFENDANT:  Yes, sir.

4    THE COURT:  Did you read that document before you
5  signed it?

6    THE DEFENDANT:  In its entirety, sir.

7    THE COURT:  Did you authorize Ms. Scott to enter
8  into negotiations with the Government?

9    THE DEFENDANT:  I did, sir.

10    THE COURT:  And, Ms. Scott, do you represent to the
11  Court that you've relayed all plea offers and variations of
12  plea offers to your client?

13    MS. SCOTT:  I have, Your Honor.

14    THE COURT:  Do you have any reason to believe
15  otherwise?

16    THE DEFENDANT:  No, sir, no.

17    THE COURT:  And you read the agreement before you
18  signed it?

19    THE DEFENDANT:  Yes, sir.

20    THE COURT:  And you discussed it with Ms. Scott.  Is
21  that right?

22    THE DEFENDANT:  That is correct, sir.

23    THE COURT:  And do you understand the contents of
24  the agreement?

25    THE DEFENDANT:  I believe I do fully, sir.

1   THE COURT:  Do you have any understanding with the

2   Government that's not included in that written agreement?

3   THE DEFENDANT:  No, sir.

4   THE COURT:  And do you understand that I'm not bound

5   by that agreement between you and the Government with regard

6   to the recommendations as to the -- for sentencing.

7   THE DEFENDANT:  I do, sir, and I respect that.

8   THE COURT:  Do you understand that you'll not be

9   permitted to withdraw the plea if I don't follow the

10  recommendations included in that document?

11  THE DEFENDANT:  I do, sir.

12  THE COURT:  And that includes -- and probably the

13  question should have been directed specifically to your

14  substantial assistance.  I understand that may be an issue; is

15  that right?  It's in the agreement.

16  MR. NAPIER:  Yes, Your Honor.

17  THE COURT:  Okay.  The Government may make a motion,

18  and I will rule on that motion if they do, but if I don't

19  grant the motion, that's not a basis for you to withdraw your

20  plea.  Do you understand?

21  THE DEFENDANT:  Absolutely, sir.

22  THE COURT:  Do you understand that by entering this

23  plea you're waiving your right to appeal your sentence and

24  that this -- by this waiver you give up your right to appeal

25  or contest your sentence directly or collaterally on any

1  ground, except to challenge an upward departure or challenge a

2  sentence in excess of the statutory maximum in violation of

3  law apart from the sentencing guidelines?

4          THE DEFENDANT:  I understand that completely, Your

5  Honor.

6          THE COURT:  And you also understand that you can

7  only be released by this waiver if the Government exercises

8  its right to appeal?

9          THE DEFENDANT:  Yes, sir.

10         THE COURT:  Mr. Napier, would you state for the

11  record the maximum penalties for the counts to which the

12  defendant agrees to enter a plea of guilty?

13         MR. NAPIER:  Yes, Your Honor.  Your Honor, with

14  regard to Counts 3 and 4 that charges the defendant with

15  production of child pornography in violation of 18 United

16  States Code, 2251(a) and (e), those counts carry a mandatory

17  minimum term of 15 years up to 30 years in prison, a fine of

18  $250,000, a term of supervised release of not less than five

19  years up to life, and a special assessment of $100 per felony

20  count.  Additionally, the Court may impose a special

21  assessment of up to $5,000 if the defendant is found not to

22  be -- if the defendant is nonindigent in this case.

23         With regard to Count 6, Your Honor, the maximum term

24  of imprisonment of 80 years, a fine of $250,000, a term of

25  supervised release of not less than five years up to life and

1  a special assessment of $100.  With regard to that count, as

2  well, the special assessment may be up to $5,000 if he's found

3  to be nonindigent, for a potential exposure, Your Honor, of

4  80, potentially 80 years and mandatory minimum of 15 years for

5  all three counts.

6          And, Your Honor, if I misspoke, with regard to all

7  three counts, if the Court was to run those counts

8  consecutively, he would have exposure of a total of 80 years.

9          With regard to Count 6, if I misspoke, the maximum

10 term for that offense is 20 years.

11         THE COURT:  Okay.  That's what I was looking at.  So

12 thank you.

13         Do you understand what Mr. Napier said?

14         THE DEFENDANT:  I understand, sir.

15         THE COURT:  And there's also the issue of forfeiture

16 that's covered in great detail or at least in great length in

17 your plea agreement.  Do you understand the terms of

18 forfeiture?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  Mr. Napier, would you explain those,

21 please?

22         MR. NAPIER:  Yes, Your Honor.  On page 11, paragraph

23 A-13 -- if I could have a moment.  Page 11 of the plea

24 agreement, paragraph A-13 advises the defendant that the

25 United States would be attempting to forfeit a Samsung Galaxy

1   S7 cell phone, a Dell desktop computer, an Apple desktop

2   computer, three Western digital hard drives, a Belkin thumb

3   drive, a Seagate hard drive, an Hitachi Deskstar® hard drive,

4   an HP compact hard drive, because these assets were used or

5   intended to be used to commit the offenses involving child

6   pornography in this case.

7           THE COURT:  Do you understand that by entering this

8   agreement you waive any objection to that forfeiture, the

9   forfeiture of those items?

10          THE DEFENDANT:  I, I do, Your Honor.

11          THE COURT:  And do you understand that if you're

12  sentenced to prison, you will not be released on parole and

13  that you will serve all or substantially all of any sentence

14  imposed by this Court?

15          THE DEFENDANT:  Yes, sir, I do.

16          THE COURT:  And do you understand that in addition

17  to the term of imprisonment you'll be required to serve a term

18  of supervised release?  In other words, you will be at liberty

19  under conditions imposed by the Court.

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  And do you understand that if you

22  violate any of those conditions, you could be sentenced to

23  additional time in prison?

24          THE DEFENDANT:  Yes, Your Honor, very much so.

25          THE COURT:  Do you understand that the Court will

1  order -- if I accept your plea, that I will order the

2  probation office to prepare a presentence report, which

3  includes a lot of material about your background, about the

4  offense, but it also includes a proposed calculation as to a

5  range, a sentencing range, under the United States Sentencing

6  Guidelines?  Do you understand that?

7       THE DEFENDANT:  I do.  Yes, Your Honor, I

8  understand.

9       THE COURT:  And they're complicated.  They're the

10  source of much discussion at sentencing.  Lawyers have

11  seminars about them.  The Courts have seminars about them.

12  They're very detailed.

13       And right now I don't know what your sentencing

14  score would be under the guidelines.  In other words, I don't

15  know what the recommended range would be.

16       Do you understand that?

17       THE DEFENDANT:  I do, Your Honor.  I apologize for

18  my disrespect to this Court, but I very much have faith in the

19  legal system that due process will be served, sir.

20       THE COURT:  Okay.  Well, but you understand how that

21  score is initially calculated.  The probation office does it.

22       THE DEFENDANT:  I do understand, yes.

23       THE COURT:  And then they let Ms. Scott and

24  Mr. Napier see it before I see it.

25       THE DEFENDANT:  Yes, Your Honor.  Okay.

1    THE COURT:  So they get to -- they have input.  From

2 the perspective of the defense and the perspective of the

3 Government, they have input, and it may be adjusted depending

4 on what information and arguments they give to the probation

5 office.

6    THE DEFENDANT:  Okay.  Yes, sir.

7    THE COURT:  And then, after that, I get it, and then

8 the attorneys will have an opportunity, again, to make any

9 objections to the calculation of the advisory score.

10    THE DEFENDANT:  It does seem complicated, Your

11 Honor.

12    THE COURT:  Well, and then I would rule on that.

13 The point is that until I rule on any objections, at that

14 point we really don't know what the guideline score will be

15 with any precision.  Do you understand that?

16    THE DEFENDANT:  That I can certainly understand.

17    THE COURT:  Okay.  And whatever that range is, it's

18 advisory.  It's not binding on the Court.  Do you understand

19 that?

20    THE DEFENDANT:  Yes, Your Honor.

21    THE COURT:  And has your attorney generally gone

22 over with you some of the things that are factored into the

23 calculation of the guidelines?

24    THE DEFENDANT:  Yes, sir.

25    THE COURT:  And you understand that whatever the top

1   of the guideline range is may not be the same as the statutory

2   range that Mr. Napier described earlier.  Do you understand

3   that?

4           THE DEFENDANT:  Yes, Your Honor.

5           THE COURT:  Courts have the authority to sentence

6   outside the guidelines.  They can vary from the guidelines,

7   imposing a sentence higher than called for by the guidelines

8   or lower than called for by the guidelines, as long as it's

9   not in excess of the statutory maximum or less than the

10  mandatory sentence required by Congress.  Do you understand?

11          THE DEFENDANT:  Yes, sir, I do.

12          THE COURT:  And you said you heard what Mr. Napier

13  said.  You understand that to be the possible sentence in each

14  one of these cases and that they may be what we call *stacked*.

15  In other words, you may get a sentence on one and a sentence

16  on a second and a third, and they may be consecutive to one

17  another.  Do you understand that?

18          THE DEFENDANT:  I do, Your Honor.

19          THE COURT:  Does he have a prior criminal record?

20          MS. SCOTT:  He does not have a prior criminal

21  record.  The only thing that he had was expunged off his

22  record that we know of.

23          MR. NAPIER:  May I have just a moment, Your Honor?

24  I only know of one prior, Your Honor.  I'm not sure whether

25  that's been expunged.  I haven't checked that.  I know there

1   was one, one incident.  I take counsel at her word that's been

2   expunged.  I haven't checked on that personally.

3          THE COURT:  Was it a sex crime or serious drug

4   offense or a violent felony?

5          MR. NAPIER:  It was arguably a sex crime, Your

6   Honor.  It was a prostitution case.  I'm not sure if it was a

7   felony or misdemeanor.

8          THE COURT:  Now, I need to go over the rights that

9   you're giving up by entering a plea, Mr. Esposito.  I want to

10  make sure you understand them.

11         First of all, you have the right to proceed to

12  trial.  You don't have to enter a plea of guilty.  If you

13  decide you don't want to enter a plea of guilty right now, no

14  one is going to be angry at you --

15         THE DEFENDANT:  Yes, sir, I understand.

16         THE COURT:  -- not going to punish you or in any way

17  put you at a disadvantage as a result of your decision not to

18  enter a plea.  Do you understand that?

19         THE DEFENDANT:  I do, and I understand the deadline

20  for that was fast approaching.  I do not -- absolutely do not

21  wish to go to trial, and I understand my right to do so.

22         THE COURT:  And if you did elect to proceed to trial

23  instead of entering a plea of guilty, you would have the right

24  to the assistance of an attorney through each phase of the

25  trial.  Do you understand that?

1        THE DEFENDANT:  Okay.  Yes, sir, I do.

2        THE COURT:  And through appeal, do you understand

3   that?

4        THE DEFENDANT:  I wasn't familiar, but, yes, sir, I

5   do understand.

6        THE COURT:  Okay.  And that if you couldn't afford a

7   lawyer, one would be appointed for you.  Do you understand

8   that?

9        THE DEFENDANT:  Yes, sir.

10        THE COURT:  And in federal court, unlike Florida and

11   other state courts, it requires a unanimous verdict of 12

12   people to find a defendant guilty.  Do you understand that?

13        THE DEFENDANT:  Yes, Your Honor.

14        THE COURT:  And in our system, unlike others, a

15   defendant is presumed to be innocent, and the Government has

16   the burden of establishing each and every element of an

17   offense beyond and to the exclusion of a reasonable doubt.  Do

18   you understand that?

19        THE DEFENDANT:  Very much, Your Honor.

20        THE COURT:  And do you understand that means the

21   defendant doesn't have any burden?  The burden is totally upon

22   the Government.

23        THE DEFENDANT:  I do, Your Honor.

24        THE COURT:  Do you understand that during the course

25   of a criminal trial a defendant has the right to confront the

1   witnesses against him?

2           THE DEFENDANT:  Yes, Your Honor.

3           THE COURT:  And by that I mean you would sit in that

4   chair, and the people who offered testimony against you would

5   sit in this chair, and your attorney would have the right to

6   cross-examine them after the Government presented their

7   testimony.

8           THE DEFENDANT:  Yes, Your Honor.

9           THE COURT:  And your attorney may have a way of

10  challenging the admission of exhibits into evidence.  But that

11  by entering a plea, you give up those rights.  Do you

12  understand that?

13          THE DEFENDANT:  I do understand that, Your Honor.

14          THE COURT:  We also have something called a

15  *compulsory process*.  That means that you would be able to tell

16  Ms. Scott what witnesses you think might have testimony

17  favorable to you, and those people could come and testify, and

18  if they were reluctant or refused, I would order them to

19  appear and give testimony, answer Ms. Scott's questions.  Do

20  you understand that?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  And by entering this, by entering your

23  plea, you give up that right.  Do you understand?

24          THE DEFENDANT:  I do fully, sir.

25          THE COURT:  Now, a defendant in a criminal case has

1  a right to testify on his own behalf, and only the defendant

2  can make a decision as to waive that right.  Ms. Scott

3  couldn't make it for you.  I couldn't make it for you.

4  Mr. Napier, all three of us, and all of the marshals and

5  everybody else in here could not make that decision.  It would

6  be just yours and yours alone.

7          THE DEFENDANT:  Yes, Your Honor, I do understand.

8          THE COURT:  By entering this plea, I'm going to ask

9  you if you committed certain conduct that makes you guilty.

10  Do you understand?

11          THE DEFENDANT:  I fully understand, sir.

12          THE COURT:  Do you also understand that you have a

13  right to not testify and if you elected not to testify, that I

14  would tell the jury that they could not interpret your silence

15  as an inference or suggestion of guilt?  I would remind them,

16  as I tell them at the beginning of the case, that the burden

17  is exclusively on the government, on Mr. Napier.  Do you

18  understand?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  And do you understand that by entering a

21  plea of guilty you give up your right to appeal from the

22  adjudication of your guilt and to the extent we discussed

23  earlier your right of appeal?  Do you understand that?

24          THE DEFENDANT:  I understand fully, Your Honor.

25          THE COURT:  And do you understand that by entering a

1   guilty plea you give up other civil rights, including but not

2   limited to the right to vote, the right to bear and keep

3   firearms, the right to hold public office, the right to serve

4   on a jury?

5           THE DEFENDANT:  Yes, Your Honor, I understand.

6           THE COURT:  And because of the nature of the

7   offenses to which you plan on entering a plea of guilty, you

8   would also be giving up the privilege -- some privileges about

9   where you live and with whom you associate.  Do you

10  understand?

11          THE DEFENDANT:  With necessity, yes, sir.

12          THE COURT:  And you would have to, most likely -- I

13  would say certainly you're going to have to register as a sex

14  offender, and that places certain restrictions on you and

15  makes certain mandatory requirements of you.  Do you

16  understand that?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  Mr. Napier, are you satisfied that the

19  defendant has been sufficiently advised with regard to

20  entering a plea at this point?

21          MR. NAPIER:  I am, Your Honor.

22          THE COURT:  Ms. Scott?

23          MS. SCOTT:  Yes, Your Honor.

24          THE COURT:  How do you plead to Counts 3, 4, and 6

25  of the Indictment?

1          THE DEFENDANT:  Your Honor, I plead guilty.

2          THE COURT:  Counts 3 and 4 charge production of

3   child pornography in violation of 18 U.S.C., Section 2251(a)

4   and (e), and Count 6 charges possession of child pornography

5   in violation of 18 U.S.C., Section 2252A(a)(5)(B) and (b)(2).

6   Do you understand that those are the charges to which you're

7   entering a plea of guilty?

8          THE DEFENDANT:  Fully, Your Honor, yes.

9          THE COURT:  Mr. Napier, would you announce for the

10  record what the elements of those offenses are?

11         MR. NAPIER:  Certainly, Your Honor.  With regard to

12  Counts 3 and 4, there are three elements; first, that an

13  actual minor, that is a real person who is less than 18 years

14  old, was depicted; second, that the defendant employed, used,

15  persuaded, induced, enticed, or coerced the minor to engage in

16  sexually explicit conduct for the purpose of producing a

17  visual depiction, for example, a videotape of the conduct;

18  and, third, that the visual depiction was produced or

19  transmitted using materials that had been mailed, shipped, or

20  transported in interstate or foreign commercial by any means,

21  including by computer.

22         With regard to Count 6, four elements; first, that

23  the defendant knowingly possessed an item or items of child

24  pornography; second, that the items of child pornography had

25  been transported or shipped in interstate or foreign commerce,

1   including by computer; third, that when the defendant

2   possessed the items, the defendant believed the items

3   contained child pornography; and, fourth, that the items of

4   child pornography involved a prepubescent minor or a minor who

5   had not attained 12 years of age.

6           THE COURT:  And, Mr. Napier, do you represent to the

7   Court that the Government could present competent evidence to

8   establish each and every one of those elements to the extent

9   that a jury could return a verdict of guilty?

10          MR. NAPIER:  Absolutely, Your Honor.

11          THE COURT:  Ms. Scott, do you agree?

12          MS. SCOTT:  I do agree with the Government's

13  position on that issue, Your Honor.

14          THE COURT:  Mr. Esposito, beginning on page 23 of

15  your agreement with the Government there is a description of

16  the conduct that you engaged in that makes you guilty of these

17  offenses.

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  It's almost a full four pages.  Have you

20  read that?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  Is there anything in those four pages

23  that you don't understand?

24          THE DEFENDANT:  No, Your Honor.

25          THE COURT:  Is everything in that part of the

1  agreement true and correct?

2  THE DEFENDANT:  Yes, Your Honor.

3  THE COURT:  Did you commit all of the acts that are

4  described in those pages?

5  THE DEFENDANT:  I did, Your Honor.

6  THE COURT:  Are you satisfied, Mr. Napier, that

7  there is a sufficient factual basis to support this plea?

8  MR. NAPIER:  I am, Your Honor, and I would be

9  relying on the factual basis beginning on page 23 and

10  continuing through page 26.

11  THE COURT:  Mr. Esposito, I accept your plea of

12  guilty to Counts 3, 4, and 6 of the Indictment.

13  And based on your responses to my questions, I find

14  that you're alert, able, and intelligent, that you've had the

15  advice and benefit of Ms. Alisha Scott, a lawyer able,

16  qualified, and admitted to practice before this Court, that

17  you understand the nature and charges against you and the

18  consequences of entering a plea of guilty to those charges,

19  that there is a factual basis to support your plea, that your

20  plea is freely and voluntarily made with full knowledge of its

21  meaning and effect, and you knowingly, intelligently, and

22  freely waive your right to a jury trial and the other rights

23  attendant thereto that we've discussed during this colloquy.

24  Are there any other matters to be considered by the

25  Court at this time?

1    MR. NAPIER:  No, Your Honor, none that I'm aware of.

2    Just for the record, the Government would move at

3    sentencing to dismiss Counts 1, 2, and 5 per the plea

4    agreement.

5    THE COURT:  The motion is granted.  Do you or does

6    anyone on your behalf, Mr. Esposito, have any cause to show

7    why you should not be adjudged guilty of Counts 3, 4, and 6?

8    THE DEFENDANT:  No, Your Honor.

9    THE COURT:  There being no cause shown to preclude

10   entry of judgment, you're hereby adjudged guilty of those

11   offenses.

12   As I told you I would earlier, I now order the

13   probation office to prepare a presentence report.  Your

14   sentencing is set for August 25th at 9:30 a.m.

15   Do you understand everything that's what happened

16   here, sir?

17   THE DEFENDANT:  Yes, Your Honor.

18   THE COURT:  Do you have any questions?  Now is the

19   time to ask.

20   THE DEFENDANT:  No, Your Honor.

21   THE COURT:  Anything else from the Government?

22   MR. NAPIER:  No, Your Honor.  Thank you.

23   THE COURT:  Ms. Scott?

24   MS. SCOTT:  Nothing from the defense, Your Honor.

25   Thank you.

1          THE COURT:  Thank you.  And, again, I apologize to

2     you.

3          MS. SCOTT:  No worries.

4          THE COURT:  Court is in recess.

5       (WHEREUPON, this matter was concluded at 2:07 p.m.)

6

7                          *   *   *

8

9                  CERTIFICATE OF REPORTER

10

      I certify that the foregoing is a correct transcript of the

11    record of proceedings in the above-entitled matter.

12

      _/s/ Suzanne L. Trimble_____          9/27/17_

13    Suzanne L. Trimble, CCR, CRR, RPR         Date
      Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25